**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RICHARD ANDERSON, | No. 08-16874 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01117-RCJ-RJJ |
| v. | |
| LENARD VARE, et al., | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Submitted December 15, 2009 [**]

Before:     GOODWIN, WALLACE, and FISHER, Circuit Judges.

Richard Anderson, a Nevada state prisoner, appeals pro se from the district

court's summary judgment in favor of Defendants in his 42 U.S.C. § 1983 action

alleging violations of the First, Eighth and Fourteenth Amendments, as well as the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc *et seq.*, and other claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's grant of summary judgment. *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001). We affirm in part, vacate in part, and remand.

The district court properly resolved Anderson's constitutional claims on grounds of qualified immunity, but failed to address either of the statutory claims on which Anderson's § 1983 action is predicated. Because RLUIPA "accord[s] religious exercise heightened protection from government-imposed burdens" than is otherwise generally protected under the First Amendment, the court erred in granting summary judgment. *Cutter v. Wilkinson*, 544 U.S. 709, 714 (2005); *see also Alvarez v. Hill*, 518 F.3d 1152, 1154–57 (9th Cir. 2008). Under RLUIPA, prison officials can "no longer . . . justify restrictions on religious exercise by simply citing to the need to maintain order and security in a prison." *Greene v. Solano County Jail*, 513 F.3d 982, 989–90 (9th Cir. 2008). The district court's failure to consider Anderson's RLUIPA claims necessarily renders its qualified immunity analysis incomplete. We therefore vacate the court's summary judgment as to Anderson's religious exercise claims. *See Alvarez*, 518 F.3d at 1159.

We affirm the district court's summary judgment of Anderson's Eighth Amendment claim premised on the search of his cell without a camera and the consequent desecration or destruction of his religious artifacts. *See Vigliotto v. Terry*, 873 F.2d 1201, 1201–03 (9th Cir. 1989). We also affirm summary judgment on all claims asserted against Defendants Skolnick, Cox, and Gibbons because there is no evidence that they personally participated in, directed, or failed to act to prevent the alleged deprivations of Anderson's constitutional rights. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Services*, 237 F.3d 1101, 1109 (9th Cir. 2001); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

Finally, even if the district court entered summary judgment on Anderson's retaliation claim on the wrong basis, the evidence in the record does not support the claim. *See Hines v. Gomez*, 108 F.3d 265, 267–68 (9th Cir. 1997); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995); *Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir. 1994) (per curiam). Thus, we affirm summary judgment on that claim. *See Biltmore Associates, LLC v. Twin City Fire Ins. Co.*, 572 F.3d 663, 668 (9th Cir. 2009) (noting we may affirm on any ground supported by the record).

The parties shall bear their own costs on appeal.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**