# FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

BLACKIE ALVAREZ,
         *Plaintiff-Appellant,*

      v.

JEAN HILL, Superintendent; MAX
WILLIAMS; MITCH MORROW; J.
GILMORE; S. FRANKE; T.
O'CONNOR; SONJA HOYT; T.
ARMSTRONG; S. BABB; CAIN; RIDER,
         *Defendants-Appellees.*

No. 06-35068

D.C. No.
CV-04-00884-BR

OPINION

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Argued and Submitted
February 6, 2008—Seattle, Washington

Filed March 13, 2008

Before: Raymond C. Fisher, Ronald M. Gould and
Sandra S. Ikuta, Circuit Judges.

Opinion by Judge Fisher

2457

**COUNSEL**

Blackie F. Alvarez, pro se; John B. Schochet (argued), Dorsey & Whitney LLP, Seattle, Washington, and Michael B. King, Talmadge Law Group PLLC, Tukwila, Washington, for the plaintiff-appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, Michael C. Livingston, Senior Assistant Attorney General, Rolf C. Moan (argued), Assistant Attorney General, Office of the Oregon Attorney General, Salem, Oregon, for the defendants-appellees.

James McCurdy, Lindsey Hart Neil & Weigler, LLP, Portland, Oregon, for the *amicus curiae* ACLU Foundation of Oregon, Inc.

## OPINION

FISHER, Circuit Judge:

We revisit in this appeal the longstanding principle that federal complaints plead claims, not causes of action or statutes or legal theories. Blackie Alvarez ("Alvarez") brought suit alleging that prison officials substantially burdened his religious exercise by denying him various accommodations. Those officials ("appellees") now insist that Alvarez's failure to specifically plead in his complaint a violation of the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA"), *see* 42 U.S.C. § 2000cc-1, bars his argument that the district court erred in not analyzing his religious exercise claims under RLUIPA, which establishes a more protective standard than does the First Amendment. They are plainly incorrect. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part and remand.

## BACKGROUND

In June 2004, Alvarez, then an inmate at the Oregon State River Correctional Institution, filed a pro se complaint seeking redress for violations of the "First [and] Fourteenth Amendments" on the part of prison officials.[1] Alvarez alleged

---

[1] Alvarez also claimed that he was deprived of access to legal materials in violation of *Bounds v. Smith*, 430 U.S. 817, 828 (1977). We affirm the district court's grant of summary judgment as to this claim because Alvarez has not "allege[d] injury, such as inability to file a complaint or defend against a charge" resulting from deficiencies in access. *Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004). Failure to show that a "nonfrivolous legal claim had been frustrated" is fatal to his *Bounds* claim. *Lewis v. Casey*, 518 U.S. 343, 353 & n.4 (1996).

that they " 'burden[ed] substantially' . . . his religion" by denying him the "right to participate and practice the Sweat Lodge Ceremony and Sacred Pipe Ceremony" and by making it "difficult if not impossible to communicate with any of his tribe[']s religious representatives." He also alleged that they forbade him from wearing a headband, consuming tobacco for ceremonial purposes and participating in group worship.[2] Four months later, Alvarez supplemented his complaint with a self-styled "Motion in Support of Original Complaint with Law." Alvarez asserted there that the district court had "supplemental jurisdiction" of his free exercise claims under "Religious Land Use and Institutionalized Persons Act, 42 U.S.C.A. § 2000cc," and other civil rights statutes.

Appellees thereafter filed for summary judgment in December 2004. They argued that although the prison's policies burdened Alvarez's constitutional free exercise rights, they were "reasonably related to legitimate penological interests" and consequently satisfied the standard set forth in *Turner v. Safley*, 482 U.S. 78, 89 (1987). Responding directly to appellees' reliance on *Turner*, Alvarez opposed their "conclusory" assertions of the governmental interest in security and safety, referring to the more stringent "standard set by the R.L.U.I.P.A. 2000." He asserted this was so because RLUIPA "explicitly changed the standard by which restrictions on the free exercise of religion are to be judged, and clearly applies in the prison context." Citing *Mayweathers v. Newland*, 314 F.3d 1062 (9th Cir. 2002), and 42 U.S.C. § 2000cc-1(a)(1), Alvarez contended that RLUIPA "restores a higher standard which requires the state to demonstrate . . . that its regulations or practices are 'in furtherance of a compelling government-[al] interest.' " Additionally, he identified RLUIPA as providing a statutory ground for relief apart from the Free Exercise

---

[2]In addition to declaratory and injunctive relief, Alvarez sought a total of $55,000 in damages, so his subsequent release from custody has not mooted this action. *See Rhodes v. Robinson*, 408 F.3d 559, 566 n.8 (9th Cir. 2005).

Clause. He explained he was bringing suit under the "Religious Land Use and Institutionalized Persons Act (R.L.U.I.P.A.) . . . in relation to . . . substantial burdening and interference with Sacred Religious Objects and Practices. *And* violation of plaintiff's First Amendment (free exercise)." (Emphasis added.) Prison officials were "*not only* violating plaintiff's constitutional rights, *but the* Religious Land Use and Institutionalized Persons Act." (Emphasis added.)

The appellees' reply acknowledged that Alvarez's "claim must be analyzed under the Religious Land Use and Institutionalized Persons Act." His "claims of an RLUIPA violation [were] without merit," they argued, given the serious "safety and security" concerns justifying restrictions on religious practice while an inmate was in disciplinary housing.

The district court granted summary judgment in favor of appellees. Citing *Freeman v. Arpaio*, 125 F.3d 732, 736 (9th Cir. 1997), a religious exercise case litigated before the passage of RLUIPA, the court held that an inmate could prevail on a free exercise claim only by showing that prison officials "burdened the practice of [his] religion by preventing him from engaging in conduct mandated by his religious faith." The court found the restrictions on Alvarez's religious exercise were not a "substantial burden on the practice of his religion." Furthermore, the court held that insofar as officials had produced "sufficient evidence" that the restrictions furthered the "legitimate institutional goals" of maintaining prison safety and security, they did not "rise to the level of a constitutional violation."

## STANDARD OF REVIEW

A district court's grant of summary judgment is reviewed de novo. *Blanford v. Sacramento County*, 406 F.3d 1110, 1114 (9th Cir. 2005). "Viewing the evidence in the light most favorable to the nonmoving party . . . we must determine whether the district court correctly applied the relevant sub-

stantive law and whether there are any genuine issues of material fact." *Galvin v. Hay*, 374 F.3d 739, 745 (9th Cir. 2004).

## I.

**[1]** We agree with Alvarez's contention that summary judgment would have been inappropriate on the available record had RLUIPA's standard been applied to his religious exercise claim. Under *Turner*, which governs inmate free exercise claims brought under the First Amendment, prison restrictions will be upheld as long as they are "reasonably related to legitimate penological interests." *Warsoldier v. Woodford*, 418 F.3d 989, 997-98 (9th Cir. 2005) (quoting *Turner*, 482 U.S. at 89). By contrast, RLUIPA disallows policies that impose "a substantial burden on . . . religious exercise" unless the burden "furthers 'a compelling governmental interest,' and does so by 'the least restrictive means.' " *Id.* at 994 (quoting 42 U.S.C. § 2000cc-1(a)).

**[2]** The district court's analysis did not take account of RLUIPA, which "accord[s] religious exercise heightened protection from government-imposed burdens." *Cutter v. Wilkinson*, 544 U.S. 709, 714 (2005). In finding that Alvarez's religious exercise was not substantially burdened, the district court required him to show he was prevented from "engaging in conduct mandated by his religious faith."[3] RLUIPA, however, defines "religious exercise" to include "any exercise of religion, *whether or not compelled by*, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7)(A) (emphasis added). Moreover, the district court accepted the govern-

---

[3]As we noted in *Shakur v. Schriro*, No. 05-16705, ___ F.3d ___, 2008 WL 185496 at *3-4 (9th Cir. Jan. 23, 2008), *Freeman*'s requirement that an inmate must show that the prison had burdened "conduct mandated by his faith" to state a viable free exercise claim under the First Amendment has been undercut by *Employment Div., Dep't of Human Resources v. Smith*, 494 U.S. 872 (1990). *Cf. Freeman*, 125 F.3d at 736.

ment's proffered justifications without engaging in the more searching scrutiny RLUIPA requires. Under RLUIPA, prison officials bear the burden of establishing that the restriction challenged is the "least restrictive alternative to achieve" a compelling governmental interest. *See Warsoldier*, 418 F.3d at 998. "[N]o longer can prison officials justify restrictions on religious exercise by simply citing to the need to maintain order and security in a prison." *Greene v. Solano County Jail*, No. 06-16957, ___ F.3d ___, 2008 WL 170313 at *6 (9th Cir. Jan. 22, 2008). They now must demonstrate that they "actually considered and rejected the efficacy of less restrictive measures before adopting the challenged practice." *Warsoldier*, 418 F.3d at 999.

## II.

**[3]** Appellees offer no rebuttal to Alvarez's suggestion that genuine issues of material fact existed as to whether their restrictions on his religious exercise were the least restrictive means of maintaining prison security, and so essentially concede that a RLUIPA claim would have survived summary judgment. Instead, they assert that Alvarez pled only a First Amendment claim, because his "complaint [did] not identify RLUIPA as the basis for a separate claim." The contention that his complaint's omission of a citation to RLUIPA precludes Alvarez from advancing legal arguments based on that statute is entirely meritless. We hold that Alvarez's RLUIPA claim was presented to the district court because his complaint and subsequent filings provided appellees with "fair notice" of that claim, even though the statute was not cited in the complaint itself. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007).

**[4]** The form complaint used by Alvarez, which was provided by the prison itself, instructed inmates to "[s]tate here as briefly as possible the *facts* of your case"; they were "*not* [to] give any legal arguments or cite any cases or statutes." (Emphasis in original.) In the space for indicating the "civil

right" underlying his claim, Alvarez wrote that the appellees had violated his "First [and] Fourteenth Amendment[ ]" rights by " 'burdening substantially' . . . his religion." Alvarez then pled with commendable — even greater than necessary — particularity how prison officials were doing just that. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993). He further alleged that prison officials lacked any valid justification for these restrictions because the proscribed activities involved no "breach to security procedure." Because Alvarez's complaint contained factual allegations establishing a "plausible" entitlement to relief under RLUIPA, Alvarez satisfied the minimal notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. *See Twombly*, 127 S. Ct. at 1973 & n.14; *see also Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 839 (9th Cir. 2007) ("Rule 8's concluding admonishment that '[a]ll pleadings shall be so construed as to do substantial justice' confirms the liberality with which we should judge whether a complaint gives the defendant sufficient notice . . . .") (quoting Fed. R. Civ. P. 8(f)). This conclusion is bolstered by the "less stringent standards" used to assess whether a pro se inmate's complaint places prison officials on notice of the nature of his claims. *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003).

**[5]** Appellees' argument that Alvarez's complaint failed to "state a claim" under RLUIPA because he did not cite the statute misapprehends the function of pleadings in federal practice. Notice pleading requires the plaintiff to set forth in his complaint *claims for relief*, not causes of action, statutes or legal theories. *See* Fed. R. Civ. P. 8(a)(2). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). A complaint need not identify the statutory or constitutional source of the claim raised in order to survive a motion to dismiss. *See, e.g., Sagana v. Tenorio*, 384 F.3d 731, 736-37 (9th Cir. 2004);

*Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004); *Cabrera v. Martin*, 973 F.2d 735, 745 (9th Cir. 1992).

**[6]** As contemplated by the regime of liberal notice pleading, Alvarez's subsequent filings refined the factual allegations and legal theories supporting his religious exercise claims. *See Neitzke v. Williams*, 490 U.S. 319, 329-30 & n.9 (1989) (recognizing "[r]esponsive pleadings . . . may be necessary for a pro se plaintiff to clarify his legal theories"). His reference to RLUIPA in his "Motion in Support of Original Complaint with Law" initially surfaced the statutory basis for his claim. His opposition to summary judgment described at length the RLUIPA standard and urged the court to apply it to the facts alleged in his complaint. Appellees exalt form over substance by arguing that Alvarez occasionally confused the relationship between RLUIPA and the First Amendment and so "effectively state[d] that [his] citations to RLUIPA . . . are not to be read" as asserting a "second, independent cause of action." There is no suggestion that appellees were led astray by Alvarez's failure to appreciate the technical distinctions they now invoke. *Cf.* Fed. R. Civ. P. 8(d)(1); *Davis v. Passman*, 442 U.S. 228, 237-38 & n.15 (1979). Indeed, appellees' reply to Alvarez's opposition expressly recognized the applicability of RLUIPA, conclusively establishing that they had fair notice that a statutory religious exercise claim also was being presented to the district court. *See Lee v. City of Los Angeles*, 250 F.3d 668, 682 (9th Cir. 2001).

**[7]** Moreover, because Alvarez proceeded pro se, the district court was required to "afford [him] the benefit of any doubt" in ascertaining what claims he "raised in his complaint and *argued to the district court*." *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001) (emphasis added) (internal quotation marks omitted); *see also Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (per curiam) (noting that complaint "alone . . . [was] enough to satisfy Rule 8(a)(2)," but that pro se petitioner also "bolstered his claim by making more specific allegations . . . in later filings"). Even when the plaintiff is

represented by counsel, and counsel initially "misconceived the proper legal theory of the claim," summary judgment does not follow if the plaintiff is entitled "to relief on some other legal theory" and "requested as much." *Crull v. GEM Ins. Co.*, 58 F.3d 1386, 1391 (9th Cir. 1995).

**[8]** Finally, we dispose of appellees' argument that *Henderson v. Terhune*, 379 F.3d 709 (9th Cir. 2004), precludes a RLUIPA claim when the complaint cites only the First Amendment. There, we "express[ed] no opinion about whether" the challenged regulation violated RLUIPA because the inmate "brought his claim under the First Amendment, not the RLUIPA." *Id.* at 715 n.1. Appellees' reliance on *Henderson* is misplaced, because at no point did the plaintiff there even assert a RLUIPA claim. *See id.* at 711-12. Here, Alvarez specifically raised his RLUIPA theory in his post-complaint filings, thereby apprising appellees before summary judgment that he was claiming relief under both the First Amendment and RLUIPA. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292-94 (9th Cir. 2000) (holding that plaintiffs could not proceed with different theory of liability after close of discovery when defendant would be prejudiced by inability to develop newly relevant evidence and defenses). Appellees had notice of and the opportunity to challenge Alvarez's RLUIPA claim. Consequently, that claim was properly before the district court at summary judgment and the court erred in not addressing it.

Appellees' rigid insistence that RLUIPA claims must be specifically pled in the plaintiff's complaint is without support in our precedent and frankly puzzling in view of the lenience traditionally afforded pro se pleadings and of RLUIPA's manifest purpose of protecting "institutionalized persons who are unable freely to attend to their religious needs." *See Cutter*, 544 U.S. at 721. The "simplified pleading standard applies to all civil actions, with limited exceptions" provided for by rule or by statute. *See Swierkiewicz*, 534 U.S. at 513. Accordingly, we hold that RLUIPA claims need satisfy only the ordinary

requirements of notice pleading, and that a complaint's failure to cite RLUIPA does not preclude the plaintiff from subsequently asserting a claim based on that statute. Under this pleading standard, it is sufficient that the complaint, alone or supplemented by any subsequent filings before summary judgment, provide the defendant fair notice that the plaintiff is claiming relief under RLUIPA as well as the First Amendment.

**[9]** Having concluded that the district court erred in not addressing Alvarez's RLUIPA claim, we vacate its grant of summary judgment as to his religious exercise claims without reaching his constitutional arguments in support of reversal. *See Anchustegui v. Dep't of Agric.*, 257 F.3d 1124, 1129 (9th Cir. 2001).

This panel shall retain jurisdiction over any subsequent appeals in this matter. Alvarez shall recover his costs on appeal.

**AFFIRMED IN PART AND REVERSED IN PART; REMANDED.**