**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DONALD COLE BURCHETT, | No. 08-36014 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00346-JLQ |
| v. | |
| ROBERT BROMPS; TODD WIGGS, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Justin L. Quackenbush, Senior District Judge, Presiding

Argued and Submitted May 6, 2010
Seattle, Washington

Before: WARDLAW and GOULD, Circuit Judges, and MILLS, District Judge.[**]

Donald Cole Burchett ("Burchett") appeals the district court's grant of

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Richard Mills, Senior United States District Judge for the Central District of Illinois, sitting by designation.

summary judgment for Defendants-Appellees in Burchett's pro se[1] 42 U.S.C. § 1983 action alleging that Robert Bromps ("Bromps"), the Washington state community corrections officer supervising the community-placement portion of Burchett's criminal sentence, violated Burchett's First Amendment rights by placing restrictions on Burchett's ability to attend church. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, vacate in part, and remand.

We review summary judgments de novo. *Diruzza v. County of Tehama*, 323 F.3d 1147, 1152 (9th Cir. 2003).

In his pro se complaint before the district court, Burchett argued that a stipulated agreement between himself, Bromps, and Bromps's supervisor, Todd Wiggs, denied Burchett the free exercise of his Seventh Day Adventist religion. The stipulated agreement required that Burchett "[a]bstain from being in any areas within 3 city block[s] of a church without the permission of [Bromps]." On appeal, Burchett abandoned this claim in briefing and again at oral argument, and

---

[1] Although Burchett appeared pro se in the district court, he was represented on this appeal by Michael King of Carney Badley Spellman, P.S., in a pro bono appointment. Such pro bono representation is in the best traditions of the organized bar and is appreciated by our court.

we affirm the summary judgment as to this claim.[2]

Burchett also alleges that Bromps violated the Establishment Clause when he issued an oral directive prohibiting Burchett from attending a Seventh Day Adventist church and granting him permission to attend only an Assembly of God church. In his pro se pleading before the district court, Burchett neither raised this Establishment Clause claim nor mentioned Bromps's alleged oral directive. The district court did not address Burchett's Establishment Clause claim in its order granting summary judgment. The defendants-appellees urge that Burchett did not raise this claim properly and therefore waived it, asking us to affirm the district court on this basis.

We conclude, however, that Burchett raised his Establishment Clause claim in his memorandum in opposition to summary judgment. In the case of a pro se plaintiff, "[i]t is sufficient that the complaint, alone or supplemented by any subsequent filings before summary judgment, provide the defendant fair notice" of the plaintiff's claims. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008); *see also Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999). In his memorandum opposing summary judgment, Burchett stated that "the only church Bromps would

---

[2] Because Burchett has abandoned his free exercise claim, we decline to address the defendants' alternative arguments in support of the summary judgment.

let me go to was a[n] [Assembly] of God Church[, a] religion [I] don't practice,"

and that "I was only allowed to go to a church that CCO Bromps w[anted] me to

go to [and] was denied the access to pra[c]tice my own religion."  This was

sufficient to put the defendants and the district court on notice of Burchett's

Establishment Clause claim.  The district court could have construed the statements

in Burchett's opposition memorandum as a motion to amend the pleadings out of

time.  *See Apache Survival Coal. v. United States*, 21 F.3d 895, 910 (9th Cir.

1994); *Johnson v. Mateer*, 625 F.2d 240, 242 (9th Cir. 1980).  In any event, the pro

se complaint, as supplemented by Burchett's memorandum opposing summary

judgment, and Burchett's deposition testimony fairly placed the Establishment

Clause issue before the court.[3]  We therefore vacate the district court's judgment

with respect to this claim and remand on an open record with instructions to allow

---

[3] In discussing the facts, and although relating it to the free exercise claim, the district court's order expressly stated that Burchett had alleged that "Mr. Bromps would only allow him to attend an Assembly of God church."

Burchett to amend his pleadings and pursue his Establishment Clause claim.[4]

Parties shall bear their own costs.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

---

[4] We express no opinion on the merits of Burchett's Establishment Clause claim or the defendants' absolute and qualified immunity defenses, as the district court did not address those issues below. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976). The parties are free to raise those issues on remand.