**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1356
_____

JUAN M. VAZQUEZ,
                                        Appellant
v.

DAVID RAGONESE; DEVON BROWN; KATHERINE IRELAND; RAYFORD
JOHNSON;  MARK YAJCAJI; MICHAEL POWERS; OFFEI; DAVIS; STEVEN
JOHNSON; CHARLES LEONE; RINA L. TERRY; GEORGESCU; CALDWELL; SCO.
COTTO; BAILEY; ROY HENDRICKS; SAMUEL ATCHISON; JOHN DOE; JANE
DOE; BRIAN BONOMO

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 03-CV-05596)
District Judge:  Honorable Jerome B. Simandle

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 17, 2010

Before: SMITH, FISHER and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 18, 2010)

_____

OPINION
_____

PER CURIAM

    Juan M. Vazquez appeals from a March 18, 2008 order denying his motion for

injunctive relief, and from an October 30, 2008 order that denied reconsideration of the March 18, 2008 order, and that further denied Vazquez's subsequent motion and supplemental motion for injunctive relief. For the reasons that follow, we will vacate those orders in part and remand for further proceedings.

I.

As we write primarily for the parties, we need not set forth the protracted procedural history in this case. This case involves a complaint filed by Vazquez alleging that various prison officials violated his constitutional rights. Pertinent to this appeal, in August 2007, Vazquez filed a motion in the District Court, requesting, among other things, that the District Court enjoin various defendants and non-parties from violating his constitutional rights. Dkt. #64. On March 18, 2008, the District Court entered an opinion and order, which, inter alia, dismissed the motion for a preliminary injunction without prejudice to refiling.[1] The opinion notes that the constitutional deprivations Vazquez complained of occurred at five different correctional facilities, but that Vazquez was currently in a sixth facility, and that he had not alleged that "any specific unconstitutional deprivations have occurred and are likely to continue to occur at Riverfront State Prison [the sixth institution]." Dkt. #72, at 19. The opinion stated that Vazquez lacked standing to seek to enjoin unconstitutional acts at facilities where he was no longer incarcerated.

---

[1] As explained below, we only have jurisdiction to consider the March 18, 2008 and October 30, 2008 orders to the extent they deny Vazquez's motions for preliminary injunctions and/or temporary restraining orders.

2

On March 27, 2008, Vazquez filed a motion for reconsideration of that order, and, simultaneously filed a new motion for a temporary restraining order and/or preliminary injunction ("TRO/PI"). Dkt. ##75, 74. Among other claims in his TRO/PI, Vazquez asks that the Commissioner of the New Jersey Department of Correction be directed to order an investigation into the whereabouts of his "religious articles, e.g. oils, soaps, tarot cards and beaded necklace at GSYCF [Garden State Youth Correctional Facility] and/or EJSP [East Jersey State Prison]," his "religious soaps at EJSP" and his "religious necklaces, diskettes, and legal documents, which were unlawfully confiscated at (illegible–may be "BSP"[Bayside State Prison]?) and never forwarded to him." Dkt. #74, ¶¶ 17-19 (p. 6 of 51); see also certification in support of TRO/PI motion, Dkt. #74, ¶¶ 17 & 22 (pp. 11-12 of 51).

In June 2008, Vazquez filed a motion to supplement his TRO/PI motion, noting that he had been transferred on April 2, 2008 to yet another institution, the Southern State Correctional Facility (SSCF). Dkt. #81 at 1. Vazquez described his attempts to get his religious oils at SSCF and his unsuccessful attempts to get religious beads through a Santeria priest. He also complained that the religious articles he used to have had never been forwarded to him from previous prisons. He set forth the administrative exhaustion procedures from the various prisons, and noted that he is never able to properly exhaust, either because the prison does not respond to his grievances, or because he is transferred to a new prison before he can appeal, and that there is no provision for exhausting an

administrative remedy from a prior prison.

The defendants' response to Vazquez's motions did not address his claims regarding his religious articles, except to note that the responses to grievances show that the prison is trying to accommodate Vazquez's needs. Dkt. #84_1 at 6. Vazquez also filed a reply. Dkt. #90.

On October 30, 2008, the District Court entered an order and opinion granting Vazquez's motion to supplement the TRO/PI motion, denying his motion for TRO/PI, denying his motion for reconsideration (and denying two other motions not at issue here–a motion for default judgment and a motion to strike pleadings). The order was returned to the District Court as undeliverable, apparently because Vazquez's name had been spelled incorrectly. Vazquez filed a motion to reopen the time to appeal on February 5, 2009. He also simultaneously filed a notice of appeal. The District Court granted Vazquez's motion to reopen the time to appeal, and denied his motion to "supplement" the appeal. Dkt. ##103 & 104.[2]

## II.

This Court has jurisdiction to consider the denial of Vazquez's motions for TRO/PI pursuant to 28 U.S.C. § 1292(a)(1). The appeal is timely as to the October 30,

---

[2] We consider the opinion and order at Dkt. ## 103 & 104 only to the extent they grant Vazquez's motion to reopen the time to appeal. Vazquez filed an appeal from the decision denying his motion to supplement the appeal, but that appeal, docketed at 09-2868, was terminated on August 18, 2009 for failure to pay fees.

2008 order, because the District Court granted Vazquez's motion to reopen the time to appeal. The District Court properly set forth the factors listed in Fed. R. App. P. 4(a)(6) that allow it to reopen the appeal, and properly found that Vazquez's motion to reopen met all the requirements.

The appeal encompasses the District Court's March 18, 2008 denial of injunctive relief because Vazquez filed a timely motion for reconsideration of that order, which was denied in the October 30, 2008 order. The appeal also, of course, encompasses the October 30, 2008 denial of Vazquez's subsequent motion and supplemental motion for injunctive relief. Other aspects of the District Court's two orders, including the denial of Vazquez's motion for sanctions and to hold defendants in contempt, and his motion for default judgment, are not before the Court at this time, as the orders do not dismiss all claims as to all parties and they were not certified by the District Court under Rule 54(b), Fed. R. Civ. Pro.[3] We thus consider only the denials of injunctive relief in those two orders.

III.

The District Court properly determined that Vazquez "lacks standing to enjoin

---

[3] To the extent we could construe Vazquez's appeal as a petition for mandamus reviewing Judge Simandle's denial of his motion for recusal, we deny such petition. We agree with the Judge that a reasonable person would not question his impartiality, and that Vazquez's allegations reflect his disagreement with the District Court's procedural and substantive rulings rather than bias. For the same reason, we deny his request to order that the matter be assigned to another judge on remand.

allegedly unconstitutional acts taking place at the correctional facilities where he is no longer incarcerated . . . ." Dkt. #72 at 19. An inmate's transfer from the facility in question generally moots any claims for equitable and declaratory relief, unless the challenged action is "capable of repetition, yet evading review." Abdul-Akbar v. Watson, 4 F.3d 195, 206 (3d Cir. 1993) (holding that District Court could not provide meaningful relief by entering injunctive order regarding adequacy of library at prison where plaintiff was no longer incarcerated). Here, however, Vazquez requested, in part, that previous prisons be required to forward to him his religious articles. Vazquez has standing to request the return of his property, and to the extent those institutions possess his religious articles, the District Court could enter an order requiring the materials to be forwarded to Vazquez, if relief is otherwise warranted.

Appellees argue that Vazquez's claim that other prisons have failed to forward his religious property was addressed in Vazquez v. Burns, D. N.J. Civ. No. 99-CV-02589, and that Vazquez should not be allowed to relitigate the matter. However, that decision was made in 2003, and Vazquez was transferred to three other prisons since that time. In his March 2008 motion, Vazquez states that "each and every single institution involved continues to withhold said religious articles, which they refuse to reimburse me for and/or forward to me . . . ." Dkt. #74, certification in support of motion, ¶ 23. Appellees acknowledge that the District Court did not address Vazquez's allegation that prior institutions continued to hold his property, and we decline to do so in the first instance.

6

We thus will remand the matter to the District Court to consider the allegations.

In considering these allegations, and in considering Vazquez's allegations that he is currently not allowed to purchase or otherwise obtain materials he needs for his religious practice, the District Court should consider the claims, including his claim requesting return of a multi-color beaded necklace, under the standard of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-2000cc-5.[4] Under RLUIPA, if the plaintiff presents prima facie evidence that his free exercise rights were substantially burdened, the government must show that "the burden is in furtherance of a compelling governmental interest and is the least restrictive means of furthering that . . . interest." Washington v. Klem, 497 F.3d 272, 277 (3d Cir. 2007) (internal quotation marks omitted) (citing the RLUIPA, 42 U.S.C. § 2000cc-1(a)). "[A] substantial burden exists where: 1) a follower is forced to choose between following the precepts of his religion and forfeiting benefits otherwise generally available to other inmates versus abandoning one of the precepts of his religion in order to receive a benefit; OR 2) the

---

[4] While Vazquez's complaint does not mention RLUIPA, he did cite it in his first TRO/PI motion and has mentioned it in other filings in the District Court and this Court. Several courts have held that a prisoner need not mention the statute explicitly to invoke its protections. See Ortiz v. Downey, 561 F.3d 664, 669 (7th Cir. 2009) (prisoner who does not plead a RLUIPA violation specifically, but does allege unconstitutional restrictions on religious practice, states a claim under the statute); Alvarez v. Hill, 518 F.3d 1152, 1157 (9th Cir. 2008) (same); Hammons v. Saffle, 348 F.3d 1250, 1258-59 (10th Cir. 2003) (remanding with instructions to consider claims under RLUIPA, even though statute was not in effect until after complaint was filed and had not been considered in district court proceedings).

government puts substantial pressure on an adherent to substantially modify his behavior and to violate his beliefs." Id. at 280. This is a more restrictive test than the four-factor Turner test the District Court employed to consider whether there had been a constitutional violation. See Turner v. Safley, 482 U.S. 78, 89-90 (1987) (listing four factors by which to assess reasonableness of a prison regulation). Thus, even if a prison's actions are allowed by the Constitution under the Turner analysis, they may not be allowed under the more restrictive statute. Van Wyhe v. Reisch, 581 F.3d 639, 651 (8th Cir. 2009) (RLUIPA establishes statutory free exercise claim encompassing higher standard of review than that which applies to constitutional free exercise claims).

The application of the compelling interest standard of RLUIPA is context-specific and deferential to the prison authorities' choices about how to run their institutions. Washington, 497 F.3d at 283 (citing Cutter v. Wilkinson, 544 U.S. 709, 722-23 (2005)). Because the analysis is fact driven, we will remand to the District Court to consider in the first instance whether the prison regulations and policies in effect here are permissible under RLUIPA, and if not, whether a preliminary injunction is warranted.[5]

For the foregoing reasons, we will vacate the orders entered on March 18, 2008 and October 30, 2008 to the extent they deny Vazquez's motions for injunctive relief, and

---

[5] We agree with the District Court's statement, quoting Kos Pharmaceuticals, Inc. v. Andrx Corp., 369 F.3d 700, 708 (3d Cir. 2004), that "[p]reliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances." We express no opinion as to whether Vazquez's allegations warrant preliminary injunctive relief.

8

remand for further proceedings.[6]

---

[6] Vazquez's motion for summary remand and retention of jurisdiction is denied as moot to the extent he seeks a remand, and denied to the extent he asks this court to retain jurisdiction. Vazquez is free to file a new appeal from any appealable order.

Appellees' Motion to Strike the Appellant's Brief is denied to the extent that it seeks to have the entire brief stricken, but granted to the extent that this Court will decline to consider portions of the brief addressing matters not pertinent to the appeal of the two orders denying injunctive relief.