**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE W. SHUFELT, III, | No. 11-55474 |
| Plaintiff - Appellant, | D.C. No. 5:07-cv-01188-PA-PLA |
| v. | |
| LINDA DAVIS, in her official & individual capacity, ISP's Litigation Coordinator; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted October 9, 2012[**]

Before:     RAWLINSON, MURGUIA, and WATFORD, Circuit Judges.

California state prisoner George W. Shufelt, III, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging access-

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

to-courts and retaliation claims.  We review de novo, *Brodheim v. Cry*, 584 F.3d 1262, 1267 (9th Cir. 2009), and we affirm.

The district court properly granted summary judgment on Shufelt's access-to-courts claims because Shufelt failed to raise a genuine dispute of material fact as to whether he suffered actual injury as a result of prison officials' alleged conduct. *See Lewis v. Casey*, 518 U.S. 343, 348-49 (1996) (access-to-courts claim requires actual prejudice to contemplated or existing litigation, such as inability to meet a filing deadline or to present a claim); *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (an inmate's failure to show that a nonfrivolous legal claim has been frustrated is fatal to his access-to-courts claim).

The district court properly granted summary judgment on Shufelt's retaliation claims because Shufelt failed to raise a genuine dispute of material fact as to whether prison officials' alleged actions served legitimate penological goals or whether those actions would have chilled an inmate of ordinary firmness.  *See Brodheim*, 584 F.3d at 1269 (setting forth the elements of a retaliation claim); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (plaintiff must show that allegedly retaliatory action did not advance legitimate correctional goals).

**AFFIRMED.**

2