**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

STEVEN DWAYNE BROWN,

   Plaintiff-Appellant,

 v.

TREJO, Deputy Sheriff; DONALD
HINTON, Custody Assistant, in Individual
and Official Capacity; CATHERINE
CHAVERS YANES, Private Investigator
#25489, in Individual and Official
Capacity,

   Defendants-Appellees,

 and

SERGIO TREJO,

   Defendant.

No. 18-56603

D.C. No.
2:15-cv-06050-FMO-JEM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Fernando M. Olguin, District Judge, Presiding

   [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Submitted June 5, 2020

Before: FARRIS, TROTT, and SILVERMAN, Circuit Judges

Steven Brown appeals the district court's grant of summary judgment in favor of the defendants in his pro se prisoner civil rights action. He also appeals the district court's denial of his motion for sanctions for spoliation of evidence. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the summary judgment order de novo. *Gordon v. County of Orange,* 888 F.3d 1118, 1122 (9th Cir. 2018). We review the district court's spoliation of evidence order for an abuse of discretion and any factual findings, including bad faith and prejudice, for clear error. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 957-58 (9th Cir. 2006). We affirm.

Summary judgment was proper for Deputy Trejo on Brown's excessive force claim. To prevail on his claim, Brown needed to establish "that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 135 S.Ct. 2466, 2473 (2015). We assess the reasonableness of force "from the perspective of a reasonable officer on the scene," using the facts known to the officer at the time and considering the legitimate security interests of the jail. *Id.* Brown, who had a violent criminal history, was a

---

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

high security inmate. It was reasonable for jail officers to place him in hand cuffs and a waist chain when moving him within the jail. Cuffs were applied and removed through the tray slot while Brown remained in his cell. The handcuffs were not too tight when the deputy secured them, escorted Brown to the law library, and left Brown in the law library cage. Brown caused the cuffs to tighten by attempting to free himself after the deputy left the law library. Brown did not tell the deputy that the cuffs were too tight until the deputy and another deputy were escorting Brown and two other high security inmates back to their cells. A reasonable officer in the circumstances would have waited to loosen the cuffs until Brown was returned to his cell.

Brown claims that being left handcuffed in the law library violated several of his constitutional rights. The access to the courts and self-representation claims fail because Brown did not establish actual injury or that the incident had any impact on his criminal case. *Alvarez v. Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2008) (requiring proof of actual injury for an access to the courts claim); *see also Nordstrom v. Ryan*, 856 F.3d 1265, 1271 (9th Cir. 2017) (requiring proof of substantial prejudice for a self-representation claim). Nor did the incident rise to the level of punishment. Because the cuffs were not too tight when the deputy left Brown in the law library, Brown cannot establish that the deputy intentionally

3

placed Brown at a substantial risk of suffering serious harm. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc) (setting forth the elements of the claim). Brown would have suffered only the normal condition of being restrained during confinement if he had not tried to remove the cuffs by himself. Finally, summary judgment was proper on the medical care claim. Brown did not tell the deputy that he was injured or ask for medical care. In any event, Brown obtained minor care from the nurse later the same day. Brown failed to establish that the deputy intentionally placed Brown at substantial risk of suffering serious harm or acted in an objectively unreasonable way. *Gordon,* 888 F.3d at 1124-25 (setting forth the elements of the medical care claim).

Defendant Hinton was entitled to summary judgment on Brown's claims that confiscation of newspaper articles violated Brown's First Amendment right to receive mail, denied Brown access to the courts or his right to self-representation, and amounted to retaliation. The newspapers articles about other inmates and former jail employees were properly seized as contraband pursuant to a policy that served a legitimate government interest of protecting other inmates and former staff. First Amendment rights to receive mail may be limited by regulations that "are reasonably related to legitimate penological interests", including prison security. *Nordstrom*, 856 F.3d at 1272 (internal quotation marks omitted).

4

Because the articles were properly seized to protect other inmates and former staff, Brown cannot establish that Hinton seized the mail in retaliation for Brown engaging in protected conduct or that the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the elements of a First Amendment retaliation claim). Brown also failed to establish that he suffered the actual injury necessary to prevail on his access to the courts claim or the substantial prejudice required for his self-representation claim. *Alvarez*, 518 F.3d at 1155 n.1; *Nordstrom*, 856 F.3d at 1271. There is no evidence that Andrew Smith, who sent the articles, was involved in Brown's defense or any other lawsuit or that the seized newspaper articles were relevant in any way to Brown's criminal case.

The district court properly granted summary judgment in favor of defendant Hinton on Brown's claims arising out of Hinton's failure to investigate Brown's missing pro per phone funds. Pursuant to policy, Hinton was not required to investigate the lost funds until Brown provided a criminal affidavit stating that he had nothing to do with the loss of his personal identification number and obtained a court order for a new number. Policy required the criminal affidavit because inmates trade and sell personal identification numbers. Although Brown knew about both requirements, he did not file the criminal affidavit or obtain a court

5

order.  Therefore, Brown cannot establish elements of his retaliation claim, that Hinton failed to investigate because of Brown's protected conduct or that the action did not reasonably advance a legitimate correctional goal.  *Rhodes,* 408 F.3d at 567-68 (setting forth the elements of a First Amendment retaliation claim).  Summary judgment was also proper on the access to the courts and self-representation claims because Brown did not establish that the lost personal identification number had any impact on his criminal case.  *Alvarez*, 518 F.3d at 1155 n.1 (requiring proof of actual injury for access to the courts claims); *Nordstrom*, 856 F.3d at 1271 (requiring proof of substantial prejudice for self-representation claims).  Moreover, Brown had a court-appointed investigator who visited him at the jail, frequently and regularly visited the law library, and filed numerous motions with the court.

The district court properly granted summary judgment for defendants Hinton and Yanes on Brown's claim that they conspired to interfere with his attorney-client relationship with an intern from the ACLU.   Brown failed to establish that the defendants conspired to intentionally deprive him of constitutional rights. *Crowe v. County of San Diego*, 608 F.3d 406, 440 (9th Cir. 2010) (setting forth the conspiracy requirements).  At most, Brown speculated that Hinton and Yanes agreed to interfere with his conversation with the ACLU intern, who was gathering

information for the jail conditions report.  In addition, Brown did not prove that the ACLU was representing him, that the intern ended the interview because of the alleged interference, or that Brown was injured.  The official capacity claims against defendants Hinton and Yanes also fail because there is no evidence of a policy or custom that violated Brown's constitutional rights.  *Castro*, 833 F.3d at 1073.

Finally, the district court did not abuse its discretion by denying Brown's motion for spoliation of evidence and refusing to sanction defendants by entering judgment against them.  There is no evidence that the defendants altered either the inmate cell transfer log or video of Brown being escorted to the law library.  Nor is there evidence that the defendants intentionally destroyed video from the law library.  In any event, Brown cannot establish prejudice from the lost video.  He wanted the law library video to prove that he was left cuffed in the law library cage, a fact that the district court assumed to be true for purposes of summary judgment.

**AFFIRMED.**