**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN ERICK RILEY, | No.   17-56298 |
| Plaintiff-Appellant, | D.C. No. 3:16-cv-00405-MMA-JMA |
| v. | |
| SCOTT KERNAN, Secretary of Corrections and Rehabilitations; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Michael M. Anello, District Judge, Presiding

Argued and Submitted May 8, 2020
Pasadena, California

Before:  MURGUIA and CHRISTEN, Circuit Judges, and STEIN,** District Judge.

Steven Riley appeals the dismissal of his pro se complaint alleging various

constitutional violations related to Calipatria State Prison's drug testing policies

and practices.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We affirm in

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, sitting by designation.

part and reverse in part. Because the parties are familiar with the facts and procedural history, we recite them only as necessary to resolve the issues on appeal.

1.      The appellees argue that Riley lacks standing to raise his claims under the Fourth and Eighth Amendment. We are required to address this argument, even though it was raised for the first time on appeal, because it implicates our jurisdiction. *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1085 (9th Cir. 2003). We agree with Riley that construed generously he alleged enough facts to show he has standing. *See Jackson v. Gates*, 975 F.2d 648, 653 (9th Cir. 1992) (holding that plaintiff's refusal to submit to unconstitutional drug testing and resulting adverse consequences was sufficient to show plaintiff's constitutional rights were violated).

2.      The district court did not err by dismissing Riley's Fourth Amendment claim on the merits. It is undisputed that urinalysis testing is a search under the Fourth Amendment and that drug testing in the prison context is generally constitutional unless it is conducted in an unreasonable manner. *See Thompson v. Souza*, 111 F.3d 694, 701 (9th Cir. 1997). The reasonableness of prison drug testing "requires '[b]alancing the significant and legitimate security interests of the institution against the privacy interests of the inmates.'" *Id.* at 702

(quoting *Bell v. Wolfish*, 441 U.S. 520, 560 (1979)). Whether such practices are reasonable under the Fourth Amendment depends on their scope, manner, justification, and place. *Id.* at 700, 702. Riley did not allege sufficient facts to state a plausible claim that Calipatria's policy or practice of drug testing exceeds constitutional limits under this standard.[1]

3.      The district court did not err by dismissing Riley's Eighth Amendment claim. Eighth Amendment claims in the prison context must be viewed in light of the Supreme Court's "admonition to accord prison officials 'wide-ranging deference in the adoption and execution of policies and practices to further institutional order and security.'" *Jeffers v. Gomez*, 267 F.3d 895, 917 (9th Cir. 2001) (per curiam) (quoting *Whitley v. Albers*, 475 U.S. 312, 321–22 (1986)). Eighth Amendment claims require (1) "an objective showing that the deprivation was 'sufficiently serious' to form the basis for an Eighth Amendment violation"; and (2) "a subjective showing that the prison official acted 'with a sufficiently culpable state of mind.'" *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Riley did not allege

---

[1] Riley's pro bono counsel asserted facts on appeal that did not appear in the district court record. This is not permitted. *See Ramirez v. Galaza*, 334 F.3d 850, 859 n.6 (9th Cir. 2003) ("We have consistently held that a party may not raise new issues of fact on appeal after declining to present those facts before the trial court.").

sufficient facts demonstrating that he suffered a sufficiently serious deprivation, or that prison officials acted with deliberate indifference.

4.     The district court did not err by dismissing Riley's First Amendment Establishment Clause claim premised on the prison referring him to Alcoholics Anonymous/Narcotics Anonymous (AA/NA).  To state an Establishment Clause claim, Riley must allege that "the state acted"; the action amounted to coercion; and "the object of the coercion [was] religious rather than secular." *Inouye v. Kemna*, 504 F.3d 705, 713 (9th Cir. 2007) (quoting *Kerr v. Farrey*, 95 F.3d 472, 479 (7th Cir. 1996)).  Riley did not allege he was compelled to attend AA/NA, nor could he, because the regulation in place at the time provided for an explicit alternative to AA/NA imposed as a consequence for a disciplinary infraction.  *See* Cal. Code Regs. tit. 15, § 3315(f)(5)(J)(1) (2015) ("For the first offense, the inmate shall be required to attend Alcoholic Anonymous or Narcotic Anonymous meetings *or* assigned to a substance abuse education and/or treatment programs to the extent such programs are available . . . .") (emphasis added).

5.     The district court did not abuse its discretion by denying Riley further leave to amend his Fourth, Eighth, or First Amendment Establishment Clause claims.  The district court granted Riley leave to amend with specific instructions about the deficiencies in his original complaint.  Riley failed to correct those

deficiencies in his amended complaint, and on appeal he has not presented sufficient facts that he would allege if granted additional leave on remand. Therefore, the district court did not err by ruling that leave to amend would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

6.      The district court erred by dismissing Riley's claim under the First Amendment's Free Exercise Clause and by failing to address Riley's allegations under the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc *et seq.* Riley clarified on appeal that he does not allege that these claims encompass defendants' decision to confiscate his prayer oil. His Free Exercise and RLUIPA claims are limited to the prison's urinalysis procedures. Construed liberally and considering Riley's amended complaint and "subsequent filings," Riley alleged sufficient facts to put the defendants on notice that the prison's urinalysis procedures interfered with his religious belief against giving away his bodily fluids or DNA. *See Walker v. Beard*, 789 F.3d 1125, 1133 (9th Cir. 2015); *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008).

7.      The district court did not address the merits of Riley's First Amendment retaliation claim. Riley alleged sufficient facts in his original complaint to indicate that he was raising a First Amendment retaliation claim, including that he was "bullied and harassed for invoking his rights," and that his

5

administrative appeals were screened out "for nefarious reasons" and to chill his "right of redress." His amended complaint elaborated on those allegations. However, the district court did not address this as a retaliation claim.[2]

We remand for further proceedings consistent with this disposition on Riley's claim under the First Amendment's Free Exercise Clause, and for the district court to consider Riley's RLUIPA and First Amendment retaliation claims in the first instance. We recommend that Riley be appointed counsel for further proceedings.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED**, with the parties to bear their own costs.

---

[2] Under the Double Jeopardy Clause, the district court addressed Riley's allegations that defendants retaliated against him by "stacking" his RVRs.

6