FILED

**NOT FOR PUBLICATION**

MAR 31 2021

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

DERRICK JESUS ODEN, Sr.,

Plaintiff-Appellant,

v.

E. SANTANA, C/O; G. SEGURA, Sgt.; E. SHERMAN, Lt. W. Commander; B. HOPKINS, Classifying RVR; C. SHARPS, CCPOA Rep.; R. BINKELE, Captain, Chief Dispo. Officer; M. ATCHLEY, Captain; DEBBIE ASUNCION, Warden; C. BARELA, Appeals Coordinator; J. RUIZ, Appeals Reviewer; M. VOONG, 3rd level Chief Office of Appeals; S. K. HEMENWAY, 3rd Level Chief Office of Appeals; R. L. BRIGGS, 3rd Level Chief Office of Appeals; K. MCKELROY, SVSP-Appeals Coordinator; C. MARTELLA, SVSP-Appeals Coordinator; S. PEDONE,

Defendants-Appellees,

and

S. PONDE, Reviewing Supervisor; RANDY GROUNDS, Warden,

No.   19-16985

D.C. No. 4:17-cv-05853-YGR

MEMORANDUM[*]

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Defendants.

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Submitted March 30, 2021[**]

Before: FERNANDEZ, SILVERMAN, and N.R. SMITH, Circuit Judges

Derrick Jesus Oden appeals the district court's judgment in favor of the defendants in his prisoner civil rights action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the grant of summary judgment and judgment on the pleadings de novo. *Wood v. Beauclair*, 692 F.3d 1041, 1045 (9th Cir. 2012); *Fleming v. Picard*, 581 F.3d 922, 925 (9th Cir. 2009). We affirm.

The district court properly granted judgment on the pleadings on the Eighth Amendment claim against Officer Santana. Oden failed to allege facts to establish that the officer acted with deliberate indifference, that the officer knew that filing disciplinary charges would trigger Oden's depression. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that the official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and he must also draw the inference."). Oden could not state a claim by alleging that the officer should have known about the risk. *Id.* at 838.

Judgment on the pleadings was proper on Oden's First Amendment retaliation claims. Relevant to Officer Santana, Oden failed to allege that the disciplinary proceedings did not reasonably advance a legitimate correctional goal. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth the elements of a retaliation claim). Oden failed to allege facts to establish any of the elements of the claims against the remaining defendants. The district court did not abuse its discretion by holding that amendment would be futile. The independent hearing officer partially relied on Oden's statement to find that Oden violated one of the rules.

Summary judgment was proper for the defendants on Oden's due process claims arising out of the disciplinary proceedings. The Due Process Clause does not guarantee freedom from "action taken for a punitive reason" or administrative segregation. *Sandin v. Conner*, 515 U.S. 472, 480, 484 (1995). Even if Oden had a liberty interest, he received all of the process due under *Wolff v. McDonnell*, 418 U.S. 539, 563-73 (1974). Although Oden believes that he could have had an earlier hearing, his treating mental health professionals opined in writing that Oden's mental disorder and treatment prevented him from participating in a

hearing and deferred the charges until Oden was discharged and returned to Salinas Valley. Contrary to Oden's claim, he was allowed to present witness testimony at the hearing. He submitted written questions to his two witnesses, who answered the questions in writing. That evidence was considered by the independent hearing officer.

The district court properly granted summary judgment on the access to the courts claims arising out of the manner in which the defendants processed Oden's grievances related to this lawsuit. Oden failed to prove an actual injury to non-frivolous litigation, for example, that he was unable to file his complaint. *Lewis v. Casey*, 518 U.S. 343, 350-53 (1996); *Alvarez v. Hill*, 518 F.3d 1152, 1155 n. 1 (9th Cir. 2018). In fact, the district court considered Oden's claims on the merits. It did not dismiss any claims for failure to exhaust.

AFFIRMED.