**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JENNIFER BACON,

           Plaintiff-Appellant,

  v.

DEPARTMENT OF HUMAN SERVICES, a
subdivision of the State of Oregon; SONYA
BUCHHOLTZ, an individual,

           Defendants-Appellees.

No.   22-35142

D.C. No. 3:18-cv-01925-YY

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Youlee Yim You, Magistrate Judge, Presiding

Argued and Submitted February 17, 2023
Seattle, Washington

Before: W. FLETCHER, PAEZ, and VANDYKE, Circuit Judges.

Plaintiff Jennifer Bacon appeals from the district court's judgment in this

suit against her former employer, the Oregon Department of Human Services

(DHS), and her former supervisor, Sonya Buchholtz (collectively, Defendants).

Bacon argues that the district court improperly refused to construe her complaint as

---

    \* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

alleging a claim under the Oregon Family Leave Act (OFLA), Or. Rev. Stat. (ORS) § 659A.183, and that the court further erred by excluding evidence at the trial on her remaining claims, which resulted in prejudice. We agree. Accordingly, we reverse and remand for further proceedings consistent with this disposition.[1]

Because the parties are familiar with the facts and procedural history of this case, we do not repeat them here. We review de novo the district court's summary judgment ruling, as well as its determination of whether a plaintiff "complied with the notice pleading requirements of Fed. R. Civ. P. 8." *Pickern v. Pier 1 Imports (U.S.), Inc.*, 457 F.3d 963, 968 (9th Cir. 2006). We review evidentiary rulings for abuse of discretion and reverse "only if the error more likely than not affected the verdict." *Unicolors, Inc., v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054, 1063 (9th Cir. 2022) (quoting *United States v. Liu*, 538 F.3d 1078, 1085 (9th Cir. 2008).

**1. OFLA Claim.** Rule 8's minimal notice pleading requirement aims to promote resolution of civil cases on the merits and avoid "cases turning on technicalities." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (per curiam) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1215 (3d ed. 2004)). The Rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," including for failure to

---

[1] We have jurisdiction under 28 U.S.C. § 1291.

2

invoke the proper authority. *Id.* Where a claim is not fully articulated in the complaint, it is sufficient that the "complaint and subsequent filings provide [defendants] with 'fair notice' of that claim[.]" *Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008); *see also* Fed. R. Civ. P. 8(e) ("pleadings must be construed so as to do justice"); Fed. R. Civ. P. 8(d)(1) ("No technical form is required.").

Bacon's complaint provided Defendants with fair notice that she was alleging an OFLA claim. The parties agree that, to a state an OFLA retaliation claim, Bacon was required to allege that (1) she took protected leave, (2) she suffered an adverse employment action, and (3) that taking protected leave was a negative factor in the decision to take the adverse action.[2] Claim 2 Count 2 signals that Bacon is alleging an OFLA claim by referring to the statute in its heading, "Discrimination based on Use of Protected OFLA and Reporting Misconduct." Bacon proceeds to allege that Buchholtz "in retaliation for Plaintiff's use of protected leave interfered in Plaintiff's leave by requiring Plaintiff to perform duties while on leave and by tolling work assigned to Plaintiff" and that "[t]hereafter Buchholtz engaged in pretextual review of Plaintiff's work to find a

---

[2] *See Stillwell v. Old Dominion Freight Line, Inc.*, 2021 WL 3056375, at *5 (D. Or. July 20, 2021) (noting that Oregon courts have not determined the proper test to apply and reviewing federal caselaw generally concluding that the *Bachelder* negative factor test is most appropriate); *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1125 (9th Cir. 2001) (introducing negative factor test in FMLA context); ORS § 659A.186(2) (instructing courts to construe OFLA "to the extent possible" as consistent with the FMLA).

basis to terminate her employment and did terminate her employment." Fairly read, the heading and contents of Claim 2 Count 2 thus allege that Bacon's use of protected leave and her reporting of misconduct were both negative factors in her termination.

Although Claim 2 Count 2 is alleged as against Buchholtz, DHS had fair notice of this claim as against it. DHS was named as a defendant in the complaint, and Oregon law provides for substitution rather than dismissal when a plaintiff mistakenly sues a state employee instead of the public employer. *See* ORS § 30.265(3) ("the court upon motion shall substitute the public body as the defendant"). Defendants' motion for summary judgment accordingly acknowledged that "by law DHS should be substituted for Buchholtz" on Claim 2 Count 2, and Bacon likewise agreed in her opposition to summary judgment that Claim 2 Count 2 was "properly against DHS only." The parties' filings therefore demonstrate that the technical failure to plead the OFLA claim as against the proper defendant did not deprive DHS of fair notice of the claim. *See Johnson*, 574 U.S. at 11; *Sw. Fair Hous. Council, Inc. v. Maricopa Domestic Water Improvement Dist.*, 17 F.4th 950, 973 (9th Cir. 2021) (giving effect to parties' representations of theory of claim alleged in filings outside complaint).

For these reasons, the district court erred in concluding that Bacon's OFLA claim was insufficiently alleged. *See* Fed. R. Civ. P. 8(e). We decline to reach the

4

merits of the OFLA claim in the first instance. The district court and parties may address that issue on remand. *See Quinn v. Robinson*, 783 F.2d 776, 814 (9th Cir. 1986). In addition, to eliminate any further confusion regarding her OFLA claim, Bacon should be afforded an opportunity on remand to amend her operative complaint.

2. **Motion in Limine No. 9.** The district court abused its discretion when it excluded evidence of Bacon's summer 2017 misconduct report to Marisa Salinas for being insufficiently alleged in the complaint. Relevant evidence is admissible unless the constitution, a statute, or the Federal Rules of Evidence provide otherwise. Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401; *see also United States v. Federico*, 658 F.2d 1337, 1342 n.5 (9th Cir. 1981) (noting that probative value need only be "slight" to meet the threshold for relevance), *overruled on other grounds by United States v. De Bright*, 730 F.2d 1255, 1259–60 (9th Cir. 1984). Evidence need not be alleged in the complaint or form the basis of an independent claim to be admissible at trial. The district court therefore erred as a matter of law by excluding evidence for being insufficiently alleged in the complaint without analyzing the relevance of the report to Bacon's existing claims.

The exclusion of evidence of Bacon's report to Salinas was not harmless

5

error.  *See Unicolors, Inc.*, 52 F.4th at 1063, 1074–75.  The report to Salinas is relevant to Bacon's whistleblower retaliation and First Amendment claims because it shows that Bacon continued to complain of coworker misconduct and of retaliation approximately a month before she was placed on leave pending her eventual termination.  The report also shows that Bacon's allegations of retaliation were being investigated concurrently with the dismissal proceedings against her. *See Coszalter v. City of Salem*, 320 F.3d 968, 978 (9th Cir. 2003) ("Whether an adverse employment action is intended to be retaliatory is a question of fact that must be decided in the light of the timing and the surrounding circumstances.").  Without this evidence, the jury was prevented from considering the full context of Bacon's termination, and Defendants benefited from an artificially distant timeline between Bacon's complaints and her termination.  The exclusion of the report to Salinas thus "more likely than not affected the verdict," regardless of the other evidence introduced at trial.  *See Unicolors, Inc.*, 52 F.4th at 1063.

**3.**  For the forgoing reasons, we reverse the judgment of the district court and remand for consideration of the merits of summary judgment on the OFLA claim and for a new trial on the whistleblower retaliation and First Amendment claims.

**REVERSED and REMANDED.**