**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEVEN CARLOS REYNOLDS, | No. 09-35867 |
| Plaintiff - Appellant, | D.C. No. 3:06-cv-06302-KI |
| v. | |
| MARK METCALF, Sheriff; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Garr M. King, District Judge, Presiding

Submitted September 22, 2010[**]

Before:     WALLACE, HAWKINS and THOMAS, Circuit Judges.

The district court properly dismissed the access-to-courts claim because

Steven Carlos Reynolds ("Reynolds") failed to demonstrate that he suffered an

actual injury as a result of defendants' alleged conduct. *See Lewis v. Casey*, 518

U.S. 343, 351 (1996) (a prisoner must show that he suffered actual injury with

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

respect to contemplated or existing litigation in order to establish a violation of the right of access to the courts); *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (an inmate's failure to show that a nonfrivolous legal claim has been frustrated is fatal to his access-to-courts claim).

The district court properly entered summary judgment as to the conditions of confinement claims because Reynolds did not exhaust administrative remedies prior to filing suit. *See Woodford v. Ngo*, 548 U.S. 81, 90, 93 (2006) ("proper exhaustion" under 42 U.S.C. § 1997e(a) is mandatory and requires adherence to administrative procedural rules). We are not persuaded by Reynolds's contention that, notwithstanding the references to the jail's rulebook in his letter of complaint, he was unaware of the jail's grievance manual or procedures. *See Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003) ("In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

Reynolds's remaining contentions are unpersuasive.

**AFFIRMED.**