FILED

OCT 05 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SALLY M. KINNEY, | No. 09-35406 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-00147-RRB |
| v. | |
| HOLIDAY COMPANIES; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted July 30, 2010
Anchorage, Alaska

Before: SCHROEDER, O'SCANNLAIN and CLIFTON, Circuit Judges.

Sally Kinney appeals the district court's summary judgment in favor of

defendants ("Holiday") on her claims under the Family and Medical Leave Act of

1993 ("FMLA"). Kinney argues that Holiday violated the FMLA (1) by firing her

for a pretextual reason intended to mask the true, health-related motivation for her

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

termination and (2) by denying her alleged request for medical leave on March 13, 2007. We review the district court's grant of summary judgment de novo. *Liu v. Amway Corp.*, 347 F.3d 1125, 1131 (9th Cir. 2003). Although we affirm the judgment on the issues that the district court reached, Kinney's FMLA termination claim—which the district court failed to consider—gives rise to a genuine dispute of material fact. We vacate summary judgment as to that claim and remand for further proceedings.

The district court erred in explicitly declining to address Kinney's claim that Holiday violated the FMLA by firing her because of her cancer. Interference with FMLA rights includes "not only refusing to authorize FMLA leave, but discouraging an employee from using such leave." 29 C.F.R. § 825.220(b). "[E]mployers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions." *Id.* § 825.220(c).

Kinney has a valid FMLA termination claim if she can show that Holiday used her 2005 and 2006 FMLA-covered absences, in conjunction with its awareness that her illness might require more medical leave in the future, as a "negative factor" in its decision to fire her. Although Kinney did not clearly present a termination-related claim in her complaint, she did allege an interference

2

claim that mentioned her termination, and she argued a termination theory in opposition to summary judgment. "Even when [plaintiff's counsel] initially misconceive[s] the proper legal theory of [a] claim, summary judgment does not follow if the plaintiff is entitled to relief on some other legal theory and requested as much." *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (internal quotation marks omitted). The district court demonstrated its awareness of "Kinney's allegations of wrongful termination" in its order granting summary judgment, and the court erred in failing to address them.

The record makes clear that Kinney's termination claim is not amenable to summary judgment on remand because it raises a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Kinney contends that "the proximity in time" between her cancer's recurrence and her termination "provides supporting evidence of a connection between the two events," *Liu*, 347 F.3d at 1137, and that Holiday's given reason for firing her was a pretext. Kinney presented evidence that the Holiday managers involved in the termination decision were aware that her cancer had returned and discussed whether she had taken FMLA leave shortly before she was terminated. Such evidence creates a triable issue as to whether her potential need for FMLA leave in the future was a negative factor in Holiday's decision to terminate her. Furthermore, although Holiday

3

claims to have fired Kinney, in accordance with company policy, because she twice failed to verify the age of a customer purchasing cigarettes, there is conflicting evidence as to whether Kinney's first tobacco-sale violation occurred at all. Whether it did is a question for a trier of fact that bears directly on the likelihood that Holiday's reason for firing Kinney was genuine, and thus indirectly on the likelihood that her illness was a "negative factor" in Holiday's termination decision.

The district court properly rejected Kinney's claim that Holiday violated the FMLA by denying her supposed request for medical leave on March 13, 2007. Kinney never made an unconditional request for time off on March 13, let alone one that met the FMLA's notice requirement. Kinney told her manager that she "wasn't feeling good" and "needed to go home," and she asked her manager if she could "possibly find somebody to come in." The manager said "she would try," but neither party spoke of the matter again for the rest of Kinney's shift. Kinney conditioned her request on her manager's finding a replacement worker, which her manager apparently did not or could not do. Even if Kinney had made an unconditional request, she would not have satisfied the FMLA's notice requirement for an employee in her situation. "An employee giving notice of the need for unpaid FMLA leave must explain the reasons for the needed leave so as to

4

allow the employer to determine that the leave qualifies under the Act. If the employee fails to explain the reasons, leave may be denied." 29 C.F.R. § 825.208(a)(1) (2007). Kinney's vague statements were insufficient to put her manager on notice that she was seeking FMLA-protected leave. We therefore affirm the district court's grant of summary judgment on the FMLA claim based on denial of leave.

The district court acted within its discretion when it denied Kinney's motion to amend her complaint. Because Kinney sought to amend her complaint after the deadline set by the district court's scheduling order, she had to show good cause for amendment, which depends primarily on whether she acted diligently. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992). The district court properly found that Kinney knew or should have known of the grounds for the claims she sought to add well before she moved for leave to amend her complaint. We therefore affirm the court's conclusion that Kinney failed, for lack of diligence, to demonstrate good cause for amendment.

Each party is to bear its own costs.

**AFFIRMED in part, VACATED in part, and REMANDED.**