**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEREMY ALLEN CROZIER, | No. 10-16072 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-00326-RCJ-RAM |
| v. | |
| ADAM ENDEL; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, Chief Judge, Presiding

Submitted July 12, 2011[**]

Before:     SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Nevada state prisoner Jeremy Allen Crozier appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims related to his subscription to an erotic magazine. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii). *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We may affirm on any ground supported by the record. *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

Dismissal of Crozier's First Amendment claim was proper because the prison policy banning his erotic magazine was reasonably related to legitimate penological interests. *See Bahrampour v. Lampert*, 356 F.3d 969, 975-76 (9th Cir. 2004) (affirming regulation banning sexually explicit materials as rationally related to minimizing harmful inmate behavior); *Mauro v. Arpaio*, 188 F.3d 1054, 1060-62 (9th Cir. 1999) (en banc) (allowing inmates unrestricted access to sexually explicit material would have significant detrimental impact on inmates' and guards' safety, and alternative solutions did not impose only de minimis costs).

Dismissal of Crozier's due process claim was proper because Crozier admitted to receiving notice that his erotic magazine was prohibited under applicable regulations and having an opportunity to be heard on the issue. *See Krug v. Lutz*, 329 F.3d 692, 696-98 (9th Cir. 2003) (prisoner must have notice and the right to appeal the exclusion of incoming publications to prison officials); *Sorrels v. McKee*, 290 F.3d 965, 972 (9th Cir. 2002) (interception of inmate mail need only be accompanied by minimum procedural safeguards).

The district court properly dismissed Crozier's access-to-courts claim because Crozier failed to allege any actual injury as a result of the alleged inadequacies of the prison law library or his limited access to legal supplies. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (inmate must demonstrate that the alleged shortcomings in prison's library or legal assistance program hindered his efforts to pursue a legal claim); *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) (failure to show frustration of a non-frivolous legal claim is fatal to claim for denial of access to legal materials).

Crozier's remaining contentions are unpersuasive.

We assume that the district court declined to exercise supplemental jurisdiction over Crozier's state law claim under the Nevada Constitution after dismissing his § 1983 claims, and therefore construe the dismissal of this claim to have been without prejudice. *See* 28 U.S.C. § 1367(c)(3); *cf. Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994) (requiring clarification that dismissal based on declining supplemental jurisdiction was without prejudice).

We grant Crozier's motion to supplement the record on appeal.

**AFFIRMED.**