
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARRY NORTHCROSS PATTERSON, | No. 10-17175 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-01851-NVW |
| v. | |
| DORA SCHRIRO, | MEMORANDUM* |
| Defendant, | |
| and | |
| JACK DAVIS; JOE WOZNY; RIVIOTTA, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Neil V. Wake, District Judge, Presiding

Argued and Submitted April 15, 2013
San Francisco, California

Before: KOZINSKI, Chief Judge, and O'SCANNLAIN and N.R. SMITH, Circuit
Judges.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

1.  Patterson failed to exhaust his religious discrimination claim against Officer B. Riviotta. Patterson did not claim in the internal grievance process that Riviotta discriminated against him. To the extent he asserted a discrimination claim in his disciplinary appeal, Patterson did not pursue that claim through all available levels of the administrative process. 42 U.S.C. § 1997e(a). Nor would the totality of Patterson's grievances exhaust a religious discrimination claim as they were insufficient to "alert[] the prison to the nature of the wrong for which redress [was] sought." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009).

2.  Patterson failed to assert his retaliation claim at the summary judgment stage; it is therefore waived. *See United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir. 1990).

3.  Patterson failed to exhaust his medical indifference claim. He did not pursue the claim through each step of the administrative grievance process. 42 U.S.C. § 1997e(a).

4.  Patterson did not provide "fair notice" that he was asserting a First Amendment free exercise claim under RLUIPA. *See Alvarez v. Hill*, 518 F.3d 1152, 1157 (9th Cir. 2008). Further, summary judgment was proper on Patterson's free exercise claim against Officers Davis and Wozny because Patterson failed to demonstrate that the officers' conduct amounted to anything more than a

"relatively short-term and sporadic" burden on his religious practice. *Canell v. Lightner*, 143 F.3d 1210, 1215 (9th Cir. 1998) (internal quotation marks omitted). To the extent Patterson makes a free exercise claim against Riviotta, he does so for the first time on appeal; we will therefore not address it. *See Carlson*, 900 F.2d at 1349.

5.      As to Patterson's Eighth Amendment claims, he failed to allege that defendants acted "purposeful[ly]," *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006), or with a "culpable state of mind," *LeMaire v. Maass*, 12 F.3d 1444, 1451 (9th Cir. 1993), so this claim also fails.

**AFFIRMED.**