FILED

JUL 11 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EBERTO BAUTISTA,

         Plaintiff-Appellant,

  v.

RABI ROSKAMM; HENRY, Culinary
MGR; RENEE BAKER, Warden;
CHARLES DANIELS,

         Defendants-Appellees,

 and

NEVADA DEPARTMENT OF
CORRECTIONS,

         Defendant,

  v.

STEVEN BRAUNSTEIN, Proposed
Intervenor; STEPHEN CIOLINO,
Proposed Intervenor,

         Movants.

No.   21-15476

D.C. No.
3:18-cv-00194-MMD-WGC

MEMORANDUM[*]

---

     [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted July 8, 2022[**]
San Francisco, California

Before: WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges.

Nevada prisoner Eberto Bautista appeals pro se from the district court's summary judgment to the Defendants[1] in his action alleging that his First Amendment, RLUIPA,[2] and equal protection rights were infringed by policies and practices regarding the food served at the LCC and consumable items he wanted for group worship activities. *See* U.S. Const. amends. I, XIV; 42 U.S.C. § 1983; 42 U.S.C. §2000cc-1(a). Reviewing de novo,[3] we affirm in part, vacate in part, and remand.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Charles Daniels, the director of the Nevada Department of Corrections; former Lovelock Correctional Center (LCC) warden Renee Baker; LCC Culinary Food Services Manager Maribelle Henry; and Rabbi Yisroel Rosskamm (collectively, Defendants).

[2] Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc–2000cc-5 (RLUIPA).

[3] *Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir. 2008).

We affirm the district court's summary judgment to the Defendants as to Bautista's First Amendment and RLUIPA claims arising from the prison's policy requiring inmates to acquire group worship consumables themselves. Bautista failed to demonstrate a genuine dispute of material fact[4] that the policy substantially burdened his group worship activities. *See Jones v. Williams*, 791 F.3d 1023, 1031–32 (9th Cir. 2015) (free exercise); *Warsoldier v. Woodford*, 418 F.3d 989, 994–95 (9th Cir. 2005) (RLUIPA); *cf. Greene v. Solano Cnty. Jail*, 513 F.3d 982, 988 (9th Cir. 2008) (group worship ban was a substantial burden). There was no evidence that he had attempted to procure grape juice and matzoh via the permitted channels or was unable to do so. On this record, RLUIPA does not require the prison to purchase those items for him. *See Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1124–25 (9th Cir. 2013).

We also affirm the district court's summary judgment to the Defendants on Bautista's equal protection claims. Bautista presented no evidence that any of the Defendants acted with an intent to discriminate against him as a Messianic Jew — nor does he argue otherwise on appeal. *See Furnace v. Sullivan*, 705 F.3d 1021, 1030–31 (9th Cir. 2013); *Padgett v. Wright*, 587 F.3d 983, 985 & n.2 (9th Cir. 2009) (per curiam).

---

[4] *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989).

3

However, the district court erred in granting summary judgment to the Defendants on Bautista's First Amendment and RLUIPA claims arising from the Common Fare diet and its preparation. Although the Defendants provided some evidence that the diet and its preparation methods satisfied the kosher dietary needs of Orthodox Jews, the record showed that Bautista was a Messianic Jew, and there was no evidence that his dietary needs were identical to those of Orthodox Jews. *Cf. Ashelman v. Wawrazaszek*, 111 F.3d 674, 675 & n.2 (9th Cir. 1997). Moreover, the district court erred in refusing to consider much of Bautista's proffered evidence detailing his religious dietary needs. *See Alvarez v. Hill*, 518 F.3d 1152, 1157–58 (9th Cir. 2008); *cf. Walker v. Beard*, 789 F.3d 1125, 1133–34 (9th Cir. 2015). That evidence appropriately explicated the factual basis of his claims, including his understanding of "kosher" and his specific objections to the food preparation. *See Hickman v. Taylor*, 329 U.S. 495, 500–01, 67 S. Ct. 385, 388–89, 91 L. Ed. 451 (1947); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56, 555 n.3, 127 S. Ct. 1955, 1964–65, 1965 n.3, 167 L. Ed. 2d 929 (2007). Because there was a genuine dispute of material fact regarding the nature of Bautista's dietary needs and whether those had been substantially burdened, the district court erred in entering summary judgment as to those claims.

**AFFIRMED in part, VACATED in part, and REMANDED**.  Costs on

appeal shall be borne by the Defendants.