NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHONG SOOK LIM, | No. 22-16798 |
| Plaintiff-Appellant, | D.C. No. |
| v. | 1:20-cv-01049-JLT-SKO |
| JENNIFER MENNE; MELANIE HUERTA, | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| COUNTY OF TULARE, Child Protective Services; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of California
Jennifer L. Thurston, District Judge, Presiding

Submitted May 17, 2024[**]

Before: BENNETT, BADE, and COLLINS, Circuit Judges.

Plaintiff-Appellant Chong Sook Lim appeals from the district court's grant

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of summary judgment to Defendants-Appellees Jennifer Menne and Melanie Huerta, social workers for the County of Tulare Child Welfare Services (CWS). Lim sued Menne and Huerta under 42 U.S.C. § 1983, alleging that they violated her right to familial association by falsifying and omitting evidence, and that they thereby caused a state court to order physical custody of Lim's child to the child's father. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We review de novo the district court's grant of summary judgment. *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1311 (9th Cir. 2022). We affirm summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To raise a genuine dispute on her claim of judicial deception,[1] Lim

---

[1] Lim pleaded her claim as "use of false and fabricated evidence." A claim of deliberate fabrication requires a plaintiff to "prove that (1) the defendant official deliberately fabricated evidence and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." *Spencer v. Peters*, 857 F.3d 789, 798 (9th Cir. 2017). On appeal, Lim uses the elements of judicial deception, while the defendants use the elements of deliberate fabrication. We acknowledge the potential confusion regarding the differences between a deliberate fabrication claim and a judicial deception claim. *See Keates v. Koile*, 883 F.3d 1228, 1240 (9th Cir. 2018) (using deliberate fabrication elements to analyze a "judicial deception claim"); *Patterson v. Miller*, 451 F. Supp. 3d 1125, 1151–52 (D. Ariz. 2020) (discussing inconsistent application of elements by district courts and "lack of explicit guidance from the Court of Appeals"). Because Lim alleged material omissions by the defendants, we construe the second amended complaint as alleging judicial deception. *See Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008) (stating that a pro se plaintiff should be afforded "the benefit of any doubt in ascertaining what claims he raised in his complaint and argued to the district court" (quotation marks and citation omitted)).

must offer evidence that (1) Menne and Huerta made misrepresentations or omissions to the state court, (2) they made those misrepresentations or omissions "deliberately or with a reckless disregard for the truth," and (3) the misrepresentations or omissions were material, meaning the state court would have decided the custody dispute differently absent the misrepresentations or omissions. *See David v. Kaulukukui*, 38 F.4th 792, 801 (9th Cir. 2022).

Lim alleged that CWS provided the state court with a report that was signed by Menne and Huerta and "full of lies and omissions." But at her deposition, Lim admitted that she did not "recall whose signature was on" that alleged report. Indeed, on further questioning, she stated that she did not think it was signed by Menne or Huerta, because, given their positions within CWS, "[t]hey're not the ones that will be doing that kind of work." And when asked whether the "entire report" was nonetheless "a reference to things that Melanie Huerta and Jennifer Menne said," Lim did not endorse that view but instead vaguely responded that the report was "a summary of the CPS report that contains the information to degrade my image as a person." Given these admissions, and Menne's and Huerta's flat denials that they had not themselves provided any reports or information to the family court, there is no triable issue as to whether any materially false statement from Menne or Huerta was in the alleged report.

Although the state court referenced a January 27, 2017, statement by an

3

unnamed social worker that Lim was coaching her child to accuse the father of abuse, Lim points to no evidence that the statement was from Menne or Huerta. Menne told Lim in February 2017 that she thought Lim was coaching her child, and Huerta expressed the same conclusion to an investigator in 2018, but Lim does not offer evidence that these particular statements were provided to the state court.

Absent evidence that Menne and Huerta made material misrepresentations or omissions to the state court, the district court properly granted summary judgment.[2] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986) (stating that "a complete failure of proof" on an essential element of a claim warrants summary judgment).

2. Lim also asserts that the district court erred by failing to grant her leave to amend the complaint so she could add a different CWS social worker as a defendant. Lim did not request leave to amend in the district court and thus she has waived the issue. *See City of San Juan Capistrano v. Cal. Pub. Util. Comm'n*, 937 F.3d 1278, 1282 (9th Cir. 2019).

---

[2] Lim makes several other assertions, including that she was not provided a Korean interpreter by social workers and that she offered medical records and other materials to the district court, "alleging that [the materials] were in Menne and Huerta's possession but never provided to the [state] court." But Lim does not explain how the lack of an interpreter bears on her judicial deception claim. Nor does she point to any authority that Menne and Huerta had a duty to provide the state court with medical records or other documents, especially given that Lim was represented by counsel at the state court, and she provided at least some medical records to that court.

4

**AFFIRMED.**